**Mujo MEHOVIC, Nazira Mehovic, Arjan Mehovic, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–2777–ag.

United States Court of Appeals, Second Circuit.

Jan. 19, 2007.

Aleksander Milch, Christophe & Associates, P.C., New York, NY, for Petitioners.

Paul I. Perez, United States Attorney for the Middle District of Florida, David P. Rhodes, Karin B. Hoppmann, Assistant United States Attorneys, Tampa, FL, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioners Mujo Mehovic, Nazira Mehovic, and Arjan Mehovic, natives and citizens of the former Federal Republic of Yugoslavia (the former Serbia and Montenegro), seek review of a May 15, 2006 order of the BIA denying their motion to reopen their asylum-only proceedings. *In re Mujo Mehovic, Nazira Mehovic, Arjan Mehovic*, Nos. A 75 897 660, A 75 897 661, A 75 897 662 (B.I.A. May 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). Because petitioners filed their motion more than ninety days after the denial of their appeal, they were required to show changed circumstances in their country of nationality in order for their motion to be exempt from the timeliness bar. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii). Even if petitioners' claim that Serbian authorities do not recognize the amnesty law for military evaders could be construed as a change in country conditions, it is based on a misstatement of the record and cannot sustain their motion to reopen. Therefore, the BIA did not abuse its discretion either in finding that Mehovic failed to allege changed country conditions or in failing to address the background materials, which did not materially bear on petitioners' claim. *Cf. Poradisova v. Gonzales*, 420 F.3d 70, 81 (2d Cir.2005).

■ Finally, to the extent that petitioners request this Court to review the BIA's

decision not to reopen their proceedings *sua sponte,* this Court lacks jurisdiction to review that decision of the BIA because such a decision is "entirely discretionary." *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.